Dorothy Brewster v. Commissioner.
Brewster v. Commissioner
Docket Nos. 83698, 83699.
United States Tax Court
T.C. Memo 1961-284; 1961 Tax Ct. Memo LEXIS 65; 20 T.C.M. (CCH) 1495; T.C.M. (RIA) 61284; October 11, 1961
James E. Brown, Esq., 100 W. Monroe St., Chicago, Ill., for the petitioner. Nelson E. Shafer, Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined deficiencies in income tax and additions to tax of petitioner in the following amounts for the taxable years indicated: Year
Deficiency
Sec. 294
Sec. 294
1954
$ 72.00
$27.77
$18.01
1955
1,582.39
1956
1,822.58
1957
1,899.57
Respondent concedes that under , there should be no addition to tax for the year 1954 determined under section 294(d)(2) of the Code of 1939. Petitioner concedes that if this Court *66 holds for the respondent on the question of whether or not the monthly payments in issue are taxable to petitioner, additions to tax under section 294(d)(1)(A) will apply for the year 1954. The only contested issue requiring our consideration is whether or not the payments of $600 per month were periodic payments includible in petitioner's gross income under section 71(a)(1) [1] of the Code of 1954 or installment payments discharging an obligation, the principal of which was specified in the decree or agreement, within the meaning of section 71(c)(1). [1]
*67 There is no occasion for us to consider whether any part of the monthly payments in issue are governed by section 22(k) of the Code of 1939 because the significant language is the same as that contained in section 71(a)(1) and (c)(1). Any code references hereinafter made are intended to refer to the Code of 1954 unless otherwise specified. All of the facts are stipulated and are incorporated herein by this reference. Petitioner filed individual income tax returns for the calendar years 1954, 1955, 1956 and 1957 with the district director of internal revenue for the first district of Illinois at Chicago, Illinois. During the calendar year 1953, petitioner was divorced from Frank W. Brewster pursuant to a Decree of Divorce entered in the Superior Court of the State of Washington, for the County of King. No appeal was filed after entry of the decree. Theretofore, petitioner and Frank W. Brewster entered into a settlement agreement. Pursuant to the terms of the aforementioned agreement, Frank executed a promissory note for $36,000 in favor of petitioner, payable at the rate $600of per month commencing October 1, 1953, for a period of five years or until petitioner remarried *68 (whichever might be sooner). The agreement further provided that upon the remarriage or death of petitioner said promissory note would be cancelled and no further payments thereunder were to be made. The decree of divorce approved the settlement agreement, including the requirement that Frank pay Dorothy $600 per month for a period of five years or until plaintiff remarries. Frank duly paid, and petitioner received, said $600 per month during each of the years 1954 through 1957, inclusive. Said payments were received in discharge of a legal obligation which, because of the marital relationship, was imposed on or incurred by Frank under the divorce decree or instrument executed pursuant thereto. No portion of said amount was listed in petitioner's income tax returns for the years in question except an amount in 1957 not here in issue. Petitioner did not make or file a declaration of estimated tax with respect to the 1954, 1955, 1956 and 1957 tax years. Petitioner has not been remarried since the time when she was divorced from Frank. The basic issue is whether or not the monthly payments made by Frank to petitioner were periodic payments includible in petitioner's gross income *69 under section 71(a)(1) or were installment payments discharging a part of an obligation the principal sum of which was specified in the decree or agreement within the meaning of section 71(c)(1), in which event such payments would not be includible in petitioner's gross income. In the final analysis, the problem resolves itself into the question of whether or not the fact that the agreement and decree provided for the termination of any remaining obligation to pay upon the contingency of the wife's remarriage rendered the principal sum named in the agreement and decree indefinite and other than a "specified" sum within the meaning of section 71(c)(1). If the principal sum is not "specified," the installment payments become "periodic" under section 71(a)(1). The solution of the problem is clearly controlled by Helen Stewart Cramer, 36 T.C. - (filed September 29, 1961), which requires a resolution of the contested issue in favor of respondent. We hold, therefore, that the payments in question were periodic and represented taxable income to petitioner. Decisions will be entered under Rule 50. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * *
(c) Principal Sum Paid in Installments. - (1) General rule. - For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. * * *↩